Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SANCHEZ, <br>     Plaintiff, <br>   v. <br> GRUMA CORPORATION, <br>     Defendant. | Case No. 19-cv-02015-WHO <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 12 |

After I compelled his state law employment claims to arbitration (Order Granting Motion to Compel Arbitration, *Sanchez v. Gruma Corporation, et. al.*, No. 19-cv-00794 (N.D. Cal. April 9, 2019), ECF No. 11 ("*Sanchez I*")), plaintiff Steven Sanchez filed a second lawsuit asserting putative California Private Attorney General Act ("PAGA") claims against defendant Gruma Corporation ("Gruma") based on the same facts as the first case. Gruma moves to dismiss Sanchez's PAGA complaint because, among other reasons, his notice to the state Labor and Workforce Development Agency ("LWDA") was defective in that it did not assert a representative claim. Gruma is correct, and Sanchez's amended notice came after the one-year statute of limitation expired and cannot relate back to a defective notice. Accordingly, I grant Gruma's motion to dismiss with prejudice.

**BACKGROUND**

In both *Sanchez I* and this case, Sanchez alleges a number of state law employment claims against Gruma, which produces Mexican food products under the brand "Mission Foods," and Mission Foods Corporation. Private Attorney General Act Complaint ("Compl.") attached as Exhibit A to Defendant Gruma Corporation's Notice of Removal of Civil Action to the United States District Court Pursuant to U.S.C. §§ 1332(a), 1441(a) and 1446 ("*Sanchez II* NOR") [Dkt.

1 No. 1]; Complaint for Damages, attached as Exhibit A to Defendant Gruma Corporation's Notice of Removal of Civil Action to the United States District Court Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446 ("*Sanchez I* NOR"), *Sanchez I*, ECF No. 1-1. *Sanchez I* was commenced in Alameda County Superior Court and removed by Gruma to the Northern District of California. *Sanchez I* NOR. Because of a valid arbitration agreement, I granted Gruma's motion to compel arbitration on April 9, 2019; the claims in *Sanchez I* are currently before an arbitrator. Order Granting Motion to Compel Arbitration, *Sanchez I*, ECF No. 11.

On March 19, 2019, Sanchez filed his PAGA claims in state court. *Id.* at 14-15. Gruma removed the case, I related it to *Sanchez I,* and it is now before me as *Sanchez II*. *Sanchez II* NOR. The complaint in *Sanchez II,* styled as a PAGA complaint, repeats the same factual allegations as *Sanchez I*. It asserts the following claims as PAGA claims, rather than as individual claims as in *Sanchez I*: (i) failure to pay overtime wages, (ii) failure to pay minimum wages, (iii) rest breaks, (iv) meal periods, (v) waiting time penalties, (vi) inaccurate wage statements, and (vii) retaliation. Compl. at 10-19.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss if a claim fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

## DISCUSSION

Gruma argues that Sanchez's PAGA claims must be dismissed because he has failed to bring a representative PAGA claim. MTD at 11-13. According to Gruma, Sanchez has only

2

asserted wholly individualized claims that cannot form the basis of a representative PAGA claim because each factual allegation asserts wrongs against Sanchez that are unique to his employment relationship with Gruma. *Id.* It points out that the complaint does not identify any group of aggrieved employees and that the factual allegations are copied from individual claims in *Sanchez I*. *Id.* Additionally, it states that Sanchez only seeks recovery for himself and not on behalf of aggrieved employees. *Id.*

"Under PAGA, an 'aggrieved employee' may file a representative action 'on behalf of himself or herself and other current and former employees' to recover civil penalties for violations of the Labor Code that otherwise would be assessed and collected by the Labor and Workforce Development Agency." *Khan v. Dunn-Edwards Corp.*, 19 Cal. App. 5th 804, 808-09 (Cal. Ct. App. 2018) (internal citations omitted). 75% of any civil penalty recovered is paid to the LWDA and 25% is paid to the aggrieved employees. *Id.* (internal citation omitted).

Before bringing a PAGA claim, Cal. Labor Code § 2699.3 requires a plaintiff to provide notice to the LWDA. *Id.* (internal citations omitted). As a condition of suit, this notice must identify the specific provision of the Labor Code alleged to have been violated and the facts and theories that support the alleged violation. *Id.* (*citing Williams v. Superior Court*, 3 Cal.5th 531, 545 (Cal. 2017). The purpose of the notice requirement is to allow the LWDA the opportunity "to decide whether to allocate scarce resources to an investigation, a decision better made with knowledge of the allegations an aggrieved employee is making and any basis for those allegations." *Id.* Notice also allows the employer to submit a response to the LWDA, which also promotes an informed agency decision on resource allocation. *Id.* (*citing Williams*, 3 Cal.5th at pp. 545-546). PAGA claims are limited to the specific theories mentioned in the LWDA notice letter. *Holak v. K Mart Corp.*, No. 12-cv-00304, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015) (internal citation omitted).

Sanchez's LWDA notice letter does not identify any representative claims. The LWDA letter states in relevant part:
> A. The Employer Violated Multiple Labor Code sections Related to their Misclassification of Mr. Sanchez as Exempt from Overtime.
> As described above, the employer violated multiple wage and hour Labor Code sections:

- Misclassified Mr. Sanchez as exempt from overtime (Labor Code §§ 200, et seq., 204, 226, 510, 515, 1194, & IWC Wage Orders Sec. 1 &3)
- Failed to pay overtime wages at the overtime rate for all hours worked in excess of eight (8) per day or forty (40) per week (Violation of Labor Code § 200, et seq., 510, 1194 & IWC Wage Order 7-2001);
- Failed to pay minimum wages for all regular hours worked (Cal. Labor Code §§ 204, 1194, 1194.2, IWC Wage Orders);
- Failed to keep accurate time records (Labor Code § 226, 1174, 1174.5, 1175);
- Failed to provide Mr. Sanchez with accurate pay statements listing the accurate number of hours worked at regular, overtime, or double time rates (Labor Code §§ 226);
- Failed to provide a 30 minute off duty meal break for each five hours worked (Labor Code § 512);
- Failed to provide an off duty ten (10) minute break for each four hours worked or major portion thereof (Labor Code Section 226.7, IWC Wage Orders).;
- Failed to provide for the premium wages for missed meal and rest breaks required (Labor Code § 226.7);
- The acts described in this letter constitute violations of Labor Code sections 201-204 (not providing full, timely payments, not paying all wages due at time of termination); and other related violations as described in this letter.

Re: Notice Pursuant to Labor Code Sec. 2999.3 – To the California Labor and Workforce Development and Employer Gruma Corporation dba Mission Foods ("Original LWDA Notice Letter") at 4, attached as Ex. 2 to Declaration of R. Michael Flynn in Opposition to Defendant Gruma Corporation's Motion to Dismiss Action and Compel Arbitration Pursuant to FRCP 12(b)(1), 12(b)(6), or, in the Alterative to Compel Arbitration under 9 USC 3, *Sanchez I*, ECF No. 8-1. It also states that Gruma wrongfully terminated Sanchez in violation of the California Labor Code. *Id.* at 4-5. Every action referred to in the Original LWDA Notice Letter mentions Sanchez alone, not any other individuals or classes of employees.

The complaint does the same. Every cause of action is brought by Sanchez alone and damages are sought by Sanchez alone. Although the complaint uses the phrases "DEFENDANT consistently maintained and enforced against PLAINTIFF, (and very likely other workers), the following unlawful practices . . ." and "Defendant committed the following violations of the California Labor Code against Plaintiff and, on information and belief, against other current or former employees while employed by Defendant . . ." this is a far cry from stating a representative complaint on behalf of an identified group of aggrieved employees. Furthermore, the complaint is limited to claims and allegations in the Original LWDA Notice Letter. *Holak*, 2015 WL 2384895,

at *3. The deficiencies in Sanchez's Original LWDA Notice Letter are fatal to his PAGA claims.

In *Khan v. Dunn-Edwards Corp.*, the California Court of Appeal affirmed a grant of summary judgment on similar facts. 19 Cal. App. 5th at 809-10. There, the plaintiff failed to identify a group of aggrieved employees in his notice letter and argued that his notice should be "assumed to being brought on a representative capacity." *Id.* The court held that his argument lacked merit: "Because his notice expressly applied only to him, it failed to give the [LWDA] an adequate opportunity to decide whether to allocate resources to investigate [his] representative action." *Id.* The court reasoned that since the plaintiff "referred only to himself, the agency may have determined that no investigation was warranted" and that the notice also failed to provide the defendant "with an adequate opportunity to respond to the agency since the notice suggested only an individual violation." *Id.* Because the plaintiff failed to give fair notice of the individuals involved, he failed to comply with the notice requirement. *Id.* Summary judgment was properly granted. *Id.*

The facts here are essentially the same. Sanchez has failed to identify a group of aggrieved employees in his Original LWDA Notice Letter and his complaint must be dismissed because it is based on the defective letter.

Sanchez points to an amended LWDA notice letter dated June 4, 2019, that clarifies that he is pursuing a proper representative action on behalf of himself and other aggrieved employees. Plaintiff's Opposition to Defendant Gruma Corporation's Motion to Dismiss, or in the Alternative, to Stay Action and Dismiss or Strike Portions of the Complaint ("Oppo.") at 7-9 [Dkt. No 13]; Amended PAGA Notice pursuant to Labor Code. § 2699.3 Case No. LWDA-CM-656730-19 – Seeking Recovery for Workforce Wide Labor Code Violations. ("Amended LWDA Notice Letter"), attached as Ex. 1 to Declaration of R. Michael Flynn in Support of Plaintiff's Opposition to Defendant Gruma Corporation's Motion to Dismiss, or in the Alternative, to Stay Action and Dismiss or Strike Portions of the Complaint [Dkt. No. 13-1]. Sanchez was terminated on August 11, 2017, so it is undisputed that the Amended LWDA Notice Letter was filed after the expiration of the applicable one-year statute of limitations. Sanchez asserts that the Amended LWDA Notice Letter relates back to his complaint under Federal Rule of Civil Procedure Rule 15.

There is no authority for Sanchez's argument. Although the relation back doctrine can apply to LWDA notices, the "doctrine cannot be used to frustrate the intent of the Legislature to require compliance with administrative procedures as a condition to filing an action." *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 841-42 (Cal. Ct. App. 2018); *accord Esparza v. Safeway, Inc.*, No. B287927, 2019 WL 2417073, at *13 (Cal. Ct. App. June 10, 2019). In *Brown*, the court held that untimely PAGA claims could not relate back to an earlier complaint except to the extent the earlier complaint was preceded by an adequate LWDA notice for those claims. *Id.*

*Brown* is instructive. There, the plaintiff served the LWDA with notice of certain violations of the Labor Code in 2009. *Id.* at 830. She then filed a complaint that included a PAGA claim premised on the violations identified in her 2009 notice. *Id.* The statute of limitations on her PAGA claims expired in 2010. *Id.* at 839. In 2016, the plaintiff served the LWDA with notice of new and different Labor Code violations and amended her civil complaint to add PAGA claims based on these violations. *Id.* at 832-833. The court held that the 2016 notice did not satisfy the LWDA notice requirement because the plaintiff served it after the statute of limitations had run, but that the 2009 notice satisfied the requirement with respect to one of the alleged Labor Code violations, and instructed the trial court to consider whether any of the untimely PAGA claims could relate back to the original PAGA claim premised on only the "adequately noticed" violation. *Id.* at 841-42.

Applying the reasoning of *Brown* to this case, none of the claims in Sanchez's Amended LWDA Notice Letter may relate back to his Original LWDA Notice Letter because none of the labor code violations were adequately noticed as representative claims. Unlike in *Brown,* where the original LWDA notice contained at least one adequately described representative claim, Sanchez's Original LWDA Notice letter is wholly defective. Allowing the Amended LWDA Notice Letter to relate back to Original LWDA Notice Letter would contravene the policy behind the notice requirement, which "evinces the Legislature's intent for workplace violations to be addressed expeditiously by setting a tight timeline for the LWDA to respond to the notice of alleged violations and the plaintiff to thereafter file or amend a complaint. The concomitant one-year statute of limitations emphasizes the Legislature's desire for quick action on workplace

6

violations." *Id.* at 840. If Sanchez was allowed to relate back his Amended LWDA Notice Letter to his defective Original LWDA Notice letter and then proceed with this case, the LWDA would lose the opportunity to decide whether to allocate its scarce resources to an investigation of his claims, and Gruma, as the employer, would lose the ability to respond to the notice before the case proceeded. *Id.* While Sanchez argues that relation back must be allowed because the LWDA website allows for the amendment of a LWDA notice, he cites no authority that amendment can cure a wholly defective LWDA notice after the statute of limitations has run. Oppo. at 9.

As a result, I dismiss *Sanchez II* with prejudice. No amendment can cure the defective Original LWDA Notice Letter because the statute of limitations has run. Sanchez's Amended LWDA Notice Letter is untimely and cannot relate back to his Original LWDA Notice Letter nor support any PAGA claims in this action.

## CONCLUSION

Sanchez's complaint is dismissed with prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 28, 2019



William H. Orrick
United States District Judge